Gregory S. Kim, Esq., SBN 186224
**LAW OFFICES OF GREGORY S. KIM**
3435 Wilshire Blvd., Suite 1985
Los Angeles, CA 90010
Telephone No.: (213) 386-7566
Facsimile No.: (213) 386-7563
Email: gkim@gregorykimlaw.com

Attorney for Plaintiff/Creditor
SOOYEON JIN

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>KEITH BAE,<br><br>       Debtor. | CHAPTER 7<br><br>CASE NO.: 2:24-bk-11660-DS<br><br>ADV. NO.: |
| SOOYEON JIN, an individual;<br><br>       Plaintiff,<br><br>v.<br><br>KEITH BAE, an individual; does 1-50, inclusive,<br><br>       Defendant. | **ADVERSARY COMPLAINT FOR:**<br><br>1. **OBJECTING TO ENTRY OF DISCHARGE PURSUANT TO 28 U.S.C. §727(a)(2)(A)**<br><br>2. **OBJECTING TO ENTRY OF DISCHARGE PURSUANT TO 28 U.S.C. §727(a)(2)(B)**<br><br>3. **OBJECTING TO ENTRY OF DISCHARGE PURSUANT TO 11 U.S.C. § 523(a)(2)(A)**<br><br>PLAINTIFF RESPECTFULLY PRAYS FOR A TRIAL BY JURY OF ALL CLAIMS. |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§727 AND 523 FOR DAMAGES PURSUANT TO APPLICABLE LAW.**

Plaintiff and Creditor SOOYEON JIN (hereinafter, "Plaintiff") alleges as follows:

\\\

\\\

---

**COMPLAINT - 1**

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of this adversary proceeding pursuant to the provisions of 11 U.S.C. § 727 and 11 U.S.C. §523.

2.      The matter is a core proceeding within the meaning of one or more subsections of 28 U.S.C. §157(b)(2)(H), 28 U.S.C. §157(b)(2)(I), and 28 U.S.C. §157(b)(2)(J).

3.      Venue herein is proper pursuant to the provisions of 28 U.S.C §1409.

4.      This Adversary Proceeding relates to *In re: Keith Bae*, No: 2:24-bk-11660-DS now pending in this Court (hereinafter, the "Bankruptcy Case"). Plaintiff holds a general unsecured claim against the Debtor as Plaintiff was requesting default against the Debtor in the United States Superior Court of California for the County of Los Angeles in a case styled *Sooyeon Jin v. Keith Bae, et al.,* Case No.: 21STCV31639, when the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (hereinafter, the "Petition").

5.      To the extent necessary, Plaintiff consents to the entry of a final order or judgment by this Court.

## THE PARTIES

6.      Plaintiff is an unsecured creditor of the Chapter 7 Debtor.

7.      Debtor-Defendant, Keith Bae, (hereinafter, "Keith Bae" or "Debtor"), is and was at all relevant times, a person residing in the County of Los Angeles, State of California.

8.      Plaintiff is and was at all relevant times, a person residing in the County of Los Angeles, State of California.

## COMMON ALLEGATIONS

### A. The Prior Action and Debtor's Debt to Plaintiff

9.      Plaintiff entered into a purchase agreement of the business, Birdies Norco, located at 1845 Hamner Ave., Suite A, Norco, CA 92860 (hereinafter, "Birdies Norco" or "subject business"), with Debtor and James Bae.

10.     Upon information and belief, Debtor used James Bae's identity throughout the entire business transaction process including but not limited to selling Birdies Norco to Plaintiff; entering into a partnership agreement with Plaintiff; entering into a shareholder agreement with

Plaintiff; organizing and establishing the entity known as Birdies Norco; entering into a commercial lease agreement for Birdies Norco; establishing commercial bank accounts; and receiving money from the Plaintiff and other businesses. Plaintiff believes that James Bae, the father of Debtor, allowed the use of his name with the intent to aid and abet the Debtor in committing fraudulent transactions against Plaintiff. Plaintiff, along with the two parties' commercial real estate agents, never communicated with nor met James Bae, as Debtor communicated, managed, and partook in all aspects of the transaction. Following the filing of Debtor's Chapter 7 bankruptcy, Plaintiff discovered that James Bae was used by Debtor as a guise to evade legal and financial liability when defrauding Plaintiff. Thus, all acts alleged herein attributed to James Bae shall be imputed to Debtor.

11.    Bae FG Corporation was utilized by both James Bae, father of the Debtor, and the Debtor to run Birdies Norco before Plaintiff purchased the business. Bae FG Corporation and Debtor was the owner and operator of Norco Hamner before Plaintiff purchased the business. Thus, Plaintiff is informed and believes, on the basis of such information and belief, alleges, that at all times herein mentioned, Bae FG Corporation was set up, controlled, and maintained by Debtor, and was controlled by Debtor to such an extent and with such unity of interest that Bae FG Corporation is the alter-ego of Debtor, and that it would be both inequitable and a gross miscarriage of justice to permit the corporate veil to remain in place over said corporation, if Bae FG Corporation is determined to be a corporation, and that Debtor should be held liable for all acts alleged herein as against Bae FG Corporation as Bae FG Corporation served as a disguise that was exclusively utilized to defraud Plaintiff and evade the Debtor's personal liability.

12.    Birdies Norco was already in severe financial trouble and Debtor desperately needed the Birdies Norco sales proceeds to keep Birdies Norco and other restaurants under his name afloat. Thus, the Debtor started making multiple misrepresentations before Plaintiff entered into the purchase agreement.

13.    On or around August 2020, Plaintiff, James Bae, and Debtor incorporated the Norco Hamner Corporation for the purpose of conducting and operating Birdies Norco. Additionally, Debtor and Plaintiff entered into a Shareholder Agreement.

14.    On or around August 31, 2020, Debtor and Plaintiff entered into a Service Agreement Contract, in which Debtor agreed to provide restaurant management services including but not limited to bookkeeping, human resources, administration, marketing, research and development, and field supervision in exchange for a monthly payment.

15.    Pursuant to the Service Agreement Contract, Plaintiff paid Debtor starting in August of 202 to June of 2021. Plaintiff paid to Debtor for the services that he purports to have done.

16.    However, after inspection, Debtor intentionally mismanaged and drove Birdies Norco into a financial crisis. Plaintiff was damaged for the loss of profits, incurred considerable expenses in financing certain repairs, and, in one instance, had to dispose of an entire inventory of fresh produce intended for immediate use.

17.    Debtor also asked for multiple emergency capital calls for varying amounts from Plaintiff without providing any justification. Plaintiff asked for justification for emergency capital calls which the Debtor did not provide.

18.    Plaintiff entered into an agreement certifying that Debtor was to provide Plaintiff with documents in relation to the financial and business situation of Birdies Norco on or around June 24, 2021. Pursuant to the agreement, Debtor and Plaintiff agreed to deposit/invest, in the subject business to keep Birdies Norco running. Plaintiff paid on June 28, 2021, and on June 29, 2021. Debtor did not deposit as promised in the agreement.

19.    From December 2020 to June 2021, Debtor also sent multiple payments in the form of checks from the subject business account to his personal corporation BAE FG Corporation for personal use without providing Plaintiff any justification. Debtor still has not provided any justification for those transfers.

20.    Additionally, Plaintiff notified Debtor that Plaintiff would exercise Plaintiff's option to sell her shares pursuant to the Shareholders Agreement due to a Deadlock transpiring due to poor management of Birdies Norco and refusal to proportionally contribute to the emergency capital call. However, Debtor failed to abide by the Shareholder's Agreement in buying back Plaintiff's shares.

21.    Following Plaintiff's discontinuation of financial support to Debtor, Debtor departed without notice from the enterprise. Consequently, the business ceased its operation. After the subject business ceased operations, unknown parties are currently operating the business.

22.    Plaintiff filed an action (Case No.: 21STCV31639) against Debtor on August 26, 2021, alleging seven causes of action: breach of contract, breach of fiduciary duty, constructive trust, constructive fraud, accounting, declaratory relief, and negligence.

23.    Plaintiff has entered default against Debtor.

24.    Plaintiff was requesting an entry of default judgment against the Debtor in the total amount of $313,769.03 when Debtor filed a Chapter 7 bankruptcy, staying all proceedings.

25.    Debtor has been involved in several lawsuits prior to Debtor filing this Petition, all of which include similar allegations of fraud in restaurant settings that James Bae purportedly owns. James Bae and Debtor then seek to sell the restaurant to recent immigrants from the Republic of Korea. Following the sale, Debtor manages the property and ultimately drives the business into financial ruin for his personal gain and then seeks capital infusion from the individuals such as the Plaintiff until such individuals can no longer infuse or refuse to provide financial support.

**B. Debtor's Bankruptcy Case**

26.    On or around March 4, 2024, Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (hereinafter, the "Petition Date"), thereby initiating bankruptcy case number 2:24-bk-11660-DS, in the U.S. Bankruptcy Court for the Central District of California, Los Angeles Division ("Bankruptcy Case").

27.    In the Schedule E/F filed concurrently with the petition, Debtor disclosed unsecured creditors holding debts totaling $4,120,294.99, including:

(a)    California Department of Tax and Fee Administration, $85,000.00;

(b) Franchise Tax Board, unknown;

(c) Internal Revenue Service, $300,000.00;

(d) Capital One, $1,985.00;

(e) Chase Card Services, $5,973.00;

(f) DSRI, $1,209.00;

**COMPLAINT - 5**

(g) Fed Receiver, Inc., $108.777.94;

(h) James Bae, $400,000.00;

(i) Jason Harley Bobson, unknown;

(j) Ki Yeon Cho dba Mustard Seed Café, unknown;

(k) Kramar Madnick, LLP, $23,939.78;

(l) Mary Sutherland and Andrew Alvis, $3,194,922.77;

(m) Mersedeh Nasseri, $377,812.50;

(n) Midland Credit Management, $5,675.00;

(o) Sooyeon Jin, unknown. (Plaintiff was entering a judgment of $313,769.03 against Debtor when Debtor filed Chapter 7 bankruptcy)

**C. Debtor Encumbers His Property and Has Concealed His Property**

25.    Upon information and belief, Debtor lives with his family, including James Bae (a Defendant to Plaintiff's prior action), at 868 S. Lucerne Blvd., Los Angeles, CA 90005, (hereinafter, the "Property") with a fair market value for the property of $2,542,000.00.

26.    Upon information and belief, Debtor has an ownership interest in the Property as Debtor has made a majority of the mortgage payments and/or other payments related to the Property. Debtor also has an explicit and/or implied agreement to establish ownership interest in the Property and has not included the property in his Petition in order to evade judgment. As alleged herein, Debtor has used James Bae's identity throughout the transaction with the intent to defraud Plaintiff.

27.    Upon information and belief, the Debtor possesses significantly more property than has been disclosed in his petition and is actively concealing it.

## FIRST CAUSE OF ACTION

**(For a Determination That Defendant's Debts Are Not Dischargeable Pursuant to 11 U.S.C. §727(a)(2)(A))**

28.    Plaintiff incorporates all allegations of the preceding paragraphs as though fully set forth.

29.     Within one year before the Petition Date, Debtor transferred or removed, or permitted to be transferred or removed, his property, including (1) funds from his personal accounts, (2) equity and interest in partnerships and joint ventures, and (3) interest in property.

30.     As of the dates of the transfers of removals of Debtor's property, Debtor had one or more unsecured creditors.

31.     The transfer or removal of Debtor's property prevented the distribution of Debtor's property to Debtor's unsecured creditors.

32.     Upon information and belief, Debtor, with intent to hinder, delay, or defraud at least one of his creditors, transferred or removed, or permitted to be transferred or removed, Debtor's property.

33.     By transferring or removing, or permitting the transfer or removal of, Debtor's property with the intent to hinder, delay, or defraud at least one of his creditors, Debtor violated the provisions of 11 U.S.C. §727(a)(2)(A).

34.     Plaintiff is informed and believes, on the basis of such information and belief, alleges, that at all times herein mentioned, Bae FG Corporation was set up, controlled, and maintained by Debtor, and was controlled by Debtor to such an extent and with such unity of interest that Bae FG Corporation is the alter-ego of Debtor, and that it would be both inequitable and a gross miscarriage of justice to permit the corporate veil to remain in place over said corporation, if Bae FG Corporation is determined to be a corporation, and that Debtor should be held liable for all acts alleged herein as against Bae FG Corporation.

## SECOND CAUSE OF ACTION

### (For a Determination That Defendant's Debts Are Not Dischargeable Pursuant to 11 U.S.C. §727(a)(2)(B))

35.     Plaintiff incorporates all allegations of the preceding paragraphs as though fully set forth.

36.     Debtor transferred or removed or permitted the transfer or removal of funds from multiple personal bank accounts and has started to transfer his assets, like the Property, to his family, who include James Bae. Debtor uses James Bae's name in multiple transactions when

Debtor intends to defraud Plaintiff. As such, all acts alleged herein attributed to James Bae should be imputed to Debtor. Additionally, Debtor has been using Bae FG corporation as a personal corporation as alleged above.

37.    As of the dates of the transfers of the property of the bankruptcy estate, Debtor had one or more unsecured creditors.

38.    The transfer or removal of the property of the estate prevented the distribution of said property to Debtor's unsecured creditors.

39.    Upon information and belief, Debtor, with intent to hinder, delay, or defraud at least one of his creditors, transferred or removed, or permitted to be transferred or removed, property of the estate.

40.    By transferring or removing, or permitting the transfer or removal of, property of the estate with the intent to hinder, delay, or defraud at least one of his creditors, Debtor violated the provisions 11 U.S.C. §727(a)(2)(B).

41.    Plaintiff is informed and believes, on the basis of such information and belief, alleges, that at all times herein mentioned, Bae FG Corporation was set up, controlled, and maintained by Debtor, and was controlled by Debtor to such an extent and with such unity of interest that Bae FG Corporation is the alter-ego of Debtor, and that it would be both inequitable and a gross miscarriage of justice to permit the corporate veil to remain in place over said corporation, if Bae FG Corporation is determined to be a corporation, and that Debtor should be held liable for all acts alleged herein as against Bae FG Corporation.

### THIRD CAUSE OF ACTION

### (For a Determination That Defendant's Debts Are Not Dischargeable Pursuant to 11 U.S.C. § 523(a)(2)(A))

42.    Plaintiff incorporates all allegations of the preceding paragraphs as though fully set forth.

43.    For Debtor to keep Birdies Norco financially afloat, Debtor started making misrepresentations to Plaintiff to sell Birdies Norco to Plaintiff.

44. Debtor knowingly and willfully made misrepresentations to Plaintiff that Debtor was the purported owner of multiple brands of restaurants with the name "Birdies" and that Debtor wanted to expand the "Birdies" brand into a franchise business and that he was a successful owner. However, Debtor lacked ownership of any additional "Birdies" restaurants and through this suit, Plaintiff discovered that this was Debtor's second time the Debtor filed Chapter 7 bankruptcy in recent years.

45. Upon information and belief, Debtor used James Bae's identity throughout the entire business transaction process including but not limited to selling Birdies Norco to Plaintiff; entering into a partnership agreement with Plaintiff; entering into a shareholder agreement with Plaintiff; organizing and establishing the entity known as Birdies Norco; entering into a commercial lease agreement for Birdies Norco; establishing commercial bank accounts; and receiving money from the Plaintiff and other businesses. Plaintiff believes that James Bae, the father of Debtor, allowed the use of his name with the intent to aid and abet the Debtor in committing fraudulent transactions against Plaintiff. Plaintiff, along with the two parties' commercial real estate agents, never communicated directly with nor met James Bae, as Debtor managed all aspects of the transaction. Following the filing of Debtor's Chapter 7 bankruptcy, Plaintiff discovered that James Bae was used by Debtor as a guise to evade legal and financial liability and to defraud Plaintiff. James Bae was never a party to the transactions; his name was merely used by the Debtor to defraud the Plaintiff and to later evade liability as Debtor intended to file bankruptcy as Debtor did a few years ago. Debtor's actions, shown through Schedule E/F of the petition show that Debtor is in the habit of defrauding different partners of business partnerships by using James Bae's name as a legal shield. Thus, all acts alleged herein attributed to James Bae should be imputed to Debtor to prevent Debtor from profiting from his fraudulent acts and misrepresentations.

46. Debtor also knowingly and willfully defrauded Plaintiff by neglecting to reveal Paycheck Protection Program ("PPP") loans and tax liens on the business before Plaintiff entered into the purchase agreement. Had Plaintiff known about the PPP loans and tax liens, Plaintiff

would not have purchased the business as Plaintiff would have known that Norco Hamner was in financial trouble.

47.    Debtor also knowingly and willfully embezzled corporation funds by issuing numerous checks from Norco Hamner Corporation funds to Bae FG Corporation without obtaining approval or disclosing such actions to Plaintiff. Upon information and belief, Debtor also exacerbated the financial situation of Norco Hamner through embezzlement that was not documented in the business's financial records.

48.    Debtor knowingly and willfully was silent on the PPP loans that Debtor took out for Norco Hamner. Had Plaintiff known about the PPP loans, Plaintiff would never have purchased the business as it would have been a liability.

49.    Additionally, Debtor knowingly and willfully misrepresented to Plaintiff by stating that Debtor will deposit/invest a proportional capital contribution that obligated Plaintiff to invest into Norco Hamner. Plaintiff's payments went through on June 28, 2021, and June 29, 2021, to the business account (Chase Performance Business Checking Account 2270). However, Debtor failed to contribute any amount, and instead from December 2020 to June 2021, Debtor made multiple payments in the form of checks from the business account (Chase Performance Business Checking Account 2270) to Bae FG Corporation.

50.    Due to the fraudulent actions of the Debtor, the business's financial situation was in shambles as seen by constant requests for capital contributions to the Plaintiff.

51.    Plaintiff is informed and believes, on the basis of such information and belief, alleges, that at all times herein mentioned, Bae FG Corporation was set up, controlled, and maintained by Debtor, and was controlled by Debtor to such an extent and with such unity of interest that Bae FG Corporation is the alter-ego of Debtor, and that it would be both inequitable and a gross miscarriage of justice to permit the corporate veil to remain in place over said corporation, if Bae FG Corporation is determined to be a corporation, and that Debtor should be held liable for all acts alleged herein as against Bae FG Corporation.

52.    The total amount of money the Debtor obtained from Plaintiff by such false pretenses, false representations, or actual fraud is at least $313,334.03, the same amount prayed by Plaintiff against Debtor and other Defendants in the prior action.

53.    Consequently, the Debtor's debt to Plaintiff is one for money, property, or services obtained by false pretenses, false representations, or actual fraud, and is excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A).

## **RESERVATION OF RIGHTS**

54.    To the extent permitted under applicable law, Plaintiff reserves the right to assert additional claims or causes of action against any third party relating to the subject matter of this adversary proceeding or otherwise.

55.    During the course of this adversary proceeding, Plaintiff may learn, through discovery or otherwise, of additional avoidable and recoverable transfers made to Defendants other than those identified herein. Because Plaintiff intends to avoid and recover any and all transfers made the Defendant as permitted under applicable law, Plaintiff reserves the right to (a) amend this Complaint to include and identify additional transfers, information regarding the claims for relief herein, claims or causes of action and/or information regarding or modifications to the name of the Defendants and (b) have any such amendments related to this Complaint.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the entry of judgment against Debtor as follows:

1.    That the Court determine that the debts of Debtor be ruled non-dischargeable because Debtor, with intent to hinder, delay, or defraud a creditor, transferred or removed, or permitted to be transferred or removed, his property, within one year before the date of the filing of the petition in violation of the provisions of 11 U.S.C. §727(a)(2)(A);

2.    That the Court determine that the debts of the Debtor be ruled non-dischargeable because the Debtor transferred or removed the funds, or permitted the transfer or removal, of property of the estate with the intent to hinder, delay, or defraud a creditor in violation of the provisions of 11 U.S.C. §727(a)(2)(B);

**COMPLAINT - 11**

3.      Determine that the judgment against the Debtor in the amount of $313,334.03, plus applicable interest is non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A);

4.      For an award of attorney's fees as allowable by law in an amount the Court determines to be reasonable;

5.      For costs of suit herein incurred; and

6.      For such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff respectfully prays for a trial by jury of all claims.


DATED: May 24, 2024                          LAW OFFICES OF GREGORY S. KIM


                                             By:   /s/ Gregory S. Kim
                                                   Gregory S. Kim, Esq.
                                                   Law Offices of Gregory S. Kim
                                                   Attorney for Plaintiff/Creditor
                                                   SOOYEON JIN