(SPACE BELOW FOR FILING STAMP ONLY)

CAROLYN A. DYE
15030 Ventura Blvd., Suite 527
Sherman Oaks, CA 91403
Telephone: (818) 287-7003
Facsimile:  (323) 987-5763
Email: trustee@cadye.com

Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

In re

KEITH WONKI BAE

                              Debtor.

Case No.: 2:24-bk-11660-DS

Chapter 7

APPLICATION BY CHAPTER 7 TRUSTEE TO
EMPLOY MIRMAN, BUBMAN & NAHMIAS AS
SPECIAL COUNSEL; DECLARATION OF
MICHAEL E. BUBMAN IN SUPPORT THEREOF

[No Hearing Required]

TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY JUDGE,

OFFICE OF THE UNITED STATES TRUSTEE, AND ALL PARTIES IN INTEREST:

Applicant, CAROLYN A. DYE, the duly-appointed, qualified, and acting Chapter 7 Trustee

("Trustee" and/or "Applicant") for the Bankruptcy Estate ("Estate") of KEITH WONKI BAE

(hereinafter "Debtor"), hereby applies to this Court, in accordance with the provisions of 11 U.S.C. §§

327(a), and 328(a), for entry of an Order authorizing her to employ MIRMAN, BUBMAN &

NAHMIAS ("MBN") as her special litigation counsel in this matter, effective May 27, 2024. MBN

will seek to be compensated pursuant to the provisions of 11 U.S.C. §§ 330 and 331.

/ / /

/ / /

**APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY
MIRMAN, BUBMAN & NAHMIAS AS SPECIAL COUNSEL**

804176.2

## I.      INTRODUCTION AND STATEMENT OF FACTS

The Trustee has obtained evidence demonstrating that the Debtor omitted material information from his bankruptcy schedules and is not being forthright in this bankruptcy proceeding, and as a result, the Trustee respectfully requests this Court allow her to retain MBN as special litigation counsel in this matter to investigate the nature, location and Debtor's interest in, certain assets that the Trustee believes should be included among the assets of the estate, as well as to prosecute, if warranted, any objections to discharge or revocation of discharge.

## II.     STATEMENT OF FACTS.

### A.    Factual Background Regarding the State Court Litigation in *Bobson v. Bae*.

State Court litigation entitled *Bobson v. Bae*, Los Angeles Superior Court Case No. BC650612 (the "State Court Action"), was filed in or about February 2017. The State Court Action was filed by the Debtor's and his then business partner, Jason Bobson, pertaining to the dissolution of their partnership over the operations of the restaurant known as Birdies. After the trial of the matter in November 2021, and as a part of the dissolution, the parties were ordered by the court to provide information pertaining to the operations and finances of Birdies. Notwithstanding numerous court orders instructing the parties to provide information to a mutually acceptable accountant, Debtor Bae refused to cooperate in the court-ordered process. After several unsuccessful attempts at obtaining the Debtor's cooperation, on August 17, 2022, the Los Angeles Superior Court judge appointed Receiver Stephen J. Donell ("Receiver") (the "Appointing Order") to take control of the assets of the JK Partnership ("Partnership"). As a part of the Appointing Order, the Receiver was ordered to take possession of, manage and collect all proceeds from the operation of the restaurant named "Birdies," located at 314 W. Olympic Blvd. Los Angeles, CA 91401. Declaration of Michael E. Bubman ("Bubman Decl."), ¶ 3.

Since that time, the Debtor has continued in his refusal to cooperate with the Court regarding the assets and operations of Birdies. In fact, in January 2024, the Debtor was held in contempt as a result of his refusal to cooperate. Bubman Decl., ¶4. In proceedings before the Superior Court, Judge Upinder Kalra has noted the lack of compliance. On March 1, 2024, Judge Kalra stated:

"The conduct by your client [the Debtor] is outrageous, continued to be outrageous.  The allegations are supported by evidence. . . . I'm not blind to what's going on.  Your client, for years, has refused to comply with Court orders – willfully refused.  The Court conducted a contempt hearing and made such findings . . . and Mr. Bae's behavior is inexcusable. It's even worse than was presented to me at the contempt hearing."

March 1, 2024 transcript, pages 6, line 10 – page 7, line 8.  Bubman Decl., ¶5.

On February 23, 2024, the Receiver terminated the business operations of Birdies at the 314 W. Olympic location ("314 Location"), as a result of the fact that the revenues appeared insufficient to support the ongoing operations.  The Receiver subsequently learned that the Debtor was not reporting cash and catering transactions that were being conducted at or from the 314 Location.  By shutting down the 314 Location, the Receiver was interfering with the Debtor's ability to continue running "off the books" transactions at the 314 Location.  The Debtor had control of the business space immediately next to the 314 Location, at 312 W. Olympic Blvd. (the "312 Location"), as that space was held under a lease from the landlord to the Debtor's father, James Bae.  The Debtor immediately began preparing the 312 Location to open for business, so he could continue those operations.  Bubman Decl., ¶6.

The Debtor was scheduled for sentencing for his contempt conviction on March 1, 2024. At the time of the March 1, 2024 hearing, the Debtor was simultaneously replicating Birdies in the 312 Location under the business name Duchess, using the exact same menu, employees, Instagram account, as used with Birdies.  In fact, the Duchess employees were telling customers that Duchess was actually the same restaurant under a different name.  Bubman Decl., ¶7.

**B.  Factual Background Regarding these Proceedings.**

This case was commenced by the filing of a Voluntary Petition by the Debtor under Chapter 7 of the Bankruptcy Code on March 4, 2024 (the "Petition Date") in the United States Bankruptcy Court for the Central District of California, Los Angeles Division, which assigned Case No 2:24-bk-11660-DS. Applicant was appointed as the Chapter 7 Trustee on or about that same date. Declaration of Carolyn A. Dye ("Dye Decl."), ¶ 3.

Through the Trustee's review of the Debtor's Petition and Schedules, examination of the Debtor at his initial and continued 341(a) Meeting of Creditors in the instant case, as well as a review of certain

**APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY
MIRMAN, BUBMAN & NAHMIAS AS SPECIAL COUNSEL**

804176.2

documentation furnished by interested parties in this case, the Trustee became aware of the Debtor's history of noncompliance with Court orders, as well as his apparent penchant for hiding assets and withholding information from the Court.  Dye Decl., ¶4.

For example, on April 2, 2024, while conducting Debtor's 341(a) examination, Applicant inquired of Debtor as to Debtor having been found guilty of six counts of contempt of court for his noncooperation with the Receiver in *Bobson v. Bae*, in which he was sentenced to fifteen days in jail and a $5,500 fine on March 1, 2024—a mere ***three days*** before the Petition Date. In response, Debtor purported to "not remember" if he had been held in contempt. Dye Decl., ¶5.

The Debtor also testified to the repeated and recurrent withdrawal of money from an account for a company that he purports to own 100% (DTLA South Park Corp) only to deposit those monies into an account purportedly owned by his father (Bae FG Corp) which is not identified on his schedules.

The information provided by the Debtor on his schedules and to which he testified at the 341(a) meeting further contradicted the court records relating to the State Court Action, particularly pertaining to the history of the restaurant Birdies, and the successor restaurant in which he claims to have no interest, Duchess.  Mr. Bae's testimony raises significant issues which cause great concern of the Trustee as to their veracity.  Dye Decl., ¶6.

**C.  <u>Necessity of Special Counsel.</u>**

"The trustee, with the Court's approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under the title.  11 U.S.C. §327(a).  "Special counsel is appropriate when an attorney is employed to handle a specific legal action that is unrelated to the reorganization and the attorney is particularly suited for that action.  *In re Goldstein* (383) B.R. 496, 501 (Bankr. C.D. Cal. 2007).

Based upon the foregoing facts, the Trustee seeks to retain special counsel to further investigate the facts pertaining to pre and post-petition transfers of the Debtor and the various alter ego entities he created for purposes of obfuscating  and carrying out what appears to be a scheme to deprive the estate of assets, as well as all such other matters that have arisen in the course of these activities.

**D.  <u>Proposed Employment of MBN.</u>**

**APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY
MIRMAN, BUBMAN & NAHMIAS AS SPECIAL COUNSEL**

804176.2

The Trustee desires to employee MBN as Special Litigation Counsel pursuant to 11 U.S.C. §§ 327(a) and 328(a) to pursue claims against Debtor and his associates in Case No. 2:24-bk-11660-DS.

**E.  MBN's Qualifications.**

MBN has familiarity with the already pending litigation in the State Court Action, as MBN has represented the State Court Receiver in that matter.  MBN's familiarity with Debtor, as well as Debtor's tactics and methods of obfuscation from the Courts, cause Applicant to believe that retention of MBN on an hourly basis, as proposed in this Application, is in the best interests of this Estate. MBN's firm resume is attached to the Declaration of Michael E. Bubman as Exhibit "A" and incorporated herein by this reference.

**F.  Terms of MBN's Employment.**

1.  MBN has agreed to represent the Trustee on an hourly basis with respect to the Trustee's prosecution of an avoidance action in the bankruptcy court through the filing of an adversary proceeding.  As such, MBN will be required to draft the complaint, engage in discovery as may be required and/or any litigation that will occur in the adversary proceeding, make court appearances and any other action required in the litigation of the adversary proceeding.

2.  In addition to the hourly fee for services, the trustee will pay and reimburse MBN for its actual and necessary out-of-pocket costs and expenses incurred in connection  with its employment as special litigation counsel in this case.

3.  The payment of its hourly fees with respect to the Adversary Proceeding and the reimbursement of any costs, shall be subject to the terms herein and the approval of the Bankruptcy Court after the filing by MBN of an appropriate application in compliance with the Bankruptcy Code and Local Bankruptcy Rules.  MBN will seek compensation and reimbursement of expenses pursuant to the provisions of 11 U.S.C. §327(a) and 330 of the Bankruptcy Code.

4.  In the event of MBN's discharge or withdrawal, MBN shall be entitled to payment from the estate for reasonable fees for the legal services provided, such fees being determined by considering the following: the number of hours expended by MBN, MBN's hourly rates, the extent to which MBN's services contributed to the results obtained, the amount of the fee in proportion to the value of the services provided, and the amount of the recovery obtained.

5

**APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY
MIRMAN, BUBMAN & NAHMIAS AS SPECIAL COUNSEL**

5.      In the event the bankruptcy case is dismissed prior to entry of a judgment, MBN shall then be entitled to, and provided the opportunity to apply for, prior to such dismissal, allowance and payment of an administrative claim for all of its fees incurred, based on its usual hourly rates, plus its costs, including hourly fees incurred to date.

6.      As shown in the biographical information attached as Exhibit 1 hereto and incorporated herein by this reference, MBN and its professionals are very experienced in insolvency, bankruptcy and reorganization matters, and are well-qualified to represent the Trustee.   Additionally, given the fact that MBN has represented the Receiver in the State Court Action, the employment of MBN is particularly beneficial to the estate and will not needlessly increase the administrative burden on the estate. A copy of the schedule of MBN's current billing rates for attorneys and paralegals and other para-professionals is attached hereto as Exhibit 2 and incorporated herein by this reference.

7.      MBN has not been paid a money retainer with regard to its representation of the Trustee and the Estate.

8.      MBN understands and agrees to accept employment on the grounds that its fees may be awarded only by application to, and approval by, this Court after notice and a hearing.   MBN seeks employment pursuant to 11 U.S.C. §330.  MBN is familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules of the Central District of California and the Guidelines of the United States Trustee.

**9.**      MBN discloses that it has previously represented the Trustee in other unrelated chapter 7 bankruptcy matters before the United States Bankruptcy Court or other insolvency matters.  MBN further discloses that it has represented the State Court Appointed Receiver in the State Court Action, and will continue to do so throughout the instant bankruptcy matter.

**10.**      MBN represents it is disinterested within the meaning of the Bankruptcy Code, and represents as follows:

- MBN has no connection with the Debtor (other than representing the Receiver in the State Court Action), insiders, creditors, the Trustee, any other party or parties herein, their respective attorneys and accountants, or any person employed in the Office of the United States Trustee;

**APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY
MIRMAN, BUBMAN & NAHMIAS AS SPECIAL COUNSEL**

804176.2

Debtor;

- MBN has not been within three (3) years before the date of filing the petition herein, an investment banker for a security of the Debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtor.MBN is not and was not, within two (2) years before the date of the filing of the petition herein, a director, officer, or employee of the Debtor or of any investment banker for any security of the Debtor;

- MBN does not represent an individual or entity which holds an interest adverse to the Estate;

- MBN is not related to the bankruptcy judge in this case;

- MBN is disinterested within the meaning of 11 U.S.C. §§ 327(a) and 101(14); and

- MBN has no fee sharing arrangement, understanding, or compensation sharing arrangement with any other entity, and no part of MBN's fees or expenses will be paid to any other entity.

See, Bubman Decl., ¶¶11-23.

## III.   CONCLUSION.

The employment of MBN is in the best interest of the Trustee and the Estate.

WHEREFORE, Trustee prays that the Court enter an order approving the Application and authorizing the Trustee to employ Mirman, Bubman & Nahmias as her special litigation counsel upon the terms set forth herein.

DATED:  June 4, 2024

By: _____
CAROLYN A. DYE, CHAPTER 7 TRUSTEE

### DECLARATION OF MICHAEL E. BUBMAN

I, MICHAEL E. BUBMAN, declare as follows:

1.      I have personal knowledge of the following facts and if called upon as a witness to testify thereto, I could and would competently do so.

2.      I am a member of the law firm of Mirman, Bubman & Nahmias ("MBN"), the firm which the Chapter 7 Trustee desires to employ for the purpose of, among other things:

   a.      To aid the Trustee in the investigation of assets and/or claims may exist in favor of the Debtor's Bankruptcy Estate and/or may, in turn, be recoverable and/or sold for the benefit of the Bankruptcy Estate and its creditors;

   b.      In consultation with the Trustee, to determine whether to seek to deny or revoke the Debtor's discharge, and if it is determined that the Debtor's discharge should be denied or revoked, to prepare and prosecute the appropriate Adversary Complaint against Debtor;To take such other and further actions as may be necessary to conclude any pending litigation and/or to recover those assets and/or prosecute those claims which may be found to exist for the benefit of this Estate and its creditors;

   c.      To take such other actions as the Trustee may deem necessary and appropriate to protect and advance the best interests of this Estate and its creditors.

3.      State Court litigation entitled *Bobson v. Bae*, Los Angeles Superior Court Case No. BC650612 (the "State Court Action"), was filed in or about February 2017.  The State Court Action was filed by the Debtor's and his then business partner, Jason Bobson, pertaining to the dissolution of their partnership over the operations of the restaurant known as Birdies.  After the trial of the matter in November 2021, and as a part of the dissolution, the parties were ordered by the court to provide information pertaining to the operations and finances of Birdies.  Notwithstanding numerous court orders instructing the parties to provide information to a mutually acceptable accountant, Debtor Bae refused to cooperate in the court-ordered process. After several unsuccessful attempts at obtaining the Debtor's cooperation, on August 17, 2022, the Los Angeles Superior Court judge appointed Receiver Stephen J. Donell ("Receiver") (the "Appointing Order") to take control of the assets of the JK

**APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY
MIRMAN, BUBMAN & NAHMIAS AS SPECIAL COUNSEL**

804176.2

Partnership ("Partnership").  As a part of the Appointing Order, the Receiver was ordered to take possession of, manage and collect all proceeds from the operation of the restaurant named "Birdies," located at 314 W. Olympic Blvd. Los Angeles, CA 91401.

4.    Since that time, the Debtor has continued in his refusal to cooperate with the Court regarding the assets and operations of Birdies.  In fact, in January 2024, the Debtor was held in contempt as a result of his refusal to cooperate.

5.    In proceedings before the Superior Court, Judge Upinder Kalra has noted the lack of compliance.  On March 1, 2024, Judge Kalra stated:

> "The conduct by your client [the Debtor] is outrageous, continued to be outrageous.  The allegations are supported by evidence. . . . I'm not blind to what's going on.  Your client, for years, has refused to comply with Court orders – willfully refused.  The Court conducted a contempt hearing and made such findings . . . and Mr. Bae's behavior is inexcusable. It's even worse than was presented to me at the contempt hearing."

March 1, 2024 transcript, pages 6, line 10 – page 7, line 8.

6.    On February 23, 2024, the Receiver terminated the business operations of Birdies at the 314 W. Olympic location ("314 Location"), as a result of the fact that the revenues appeared insufficient to support the ongoing operations.  The Receiver subsequently learned that the Debtor was not reporting cash and catering transactions that were being conducted at or from the 314 Location.  By shutting down the 314 Location, the Receiver was interfering with the Debtor's ability to continue running "off the books" transactions at the 314 Location.  The Debtor had control of the business space immediately next to the 314 Location, at 312 W. Olympic Blvd. (the "312 Location"), as that space was held under a lease from the landlord to the Debtor's father, James Bae.  The Debtor immediately began preparing the 312 Location to open for business, so he could continue those operations.

7.    The Debtor was scheduled for sentencing for his contempt conviction on March 1, 2024. At the time of the March 1, 2024 hearing, the Debtor was simultaneously replicating Birdies in the 312 Location under the business name Duchess, using the exact same menu, employees, Instagram account, as used with Birdies.  In fact, the Duchess employees were telling customers that Duchess was actually the same restaurant under a different name.

**APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY
MIRMAN, BUBMAN & NAHMIAS AS SPECIAL COUNSEL**

804176.2

8.      Attached hereto as Exhibit "A" and made a part hereof is Bankruptcy Form F2014-1 – "Statement of Disinterestedness for Employment of Professional Person Under F.R.B.P. 2014".

9.      Attached hereto as Exhibit "B" and incorporated herein by this reference is a true and correct copy of the Notice of Motion to Employ Mirman, Bubman & Nahmias, LLP as Special Counsel to the Chapter 7 Trustee served on the interested parties on June ___, 2024.

10.      I have read the foregoing Motion of the Chapter 7 Trustee seeking authority to employ Special Counsel and believe each of the statements set forth therein to be true and correct.

11.      MBN is not associated or affiliated with the Debtor, Trustee, Debtor's creditors, or any other party in interest in this case or their respective attorneys or accountants, except as follows:

As disclosed above in the Trustee's Application, MBN has previously represented the Trustee in her capacity as Trustee for one or more Chapter 7 Bankruptcy Estates, which cases are completely unrelated to the instant case.

12.      Neither MBN nor any of the attorneys comprising or employed by it has any interest adverse to the Estate, and all are disinterested persons as defined in Section 101(14) of the Bankruptcy Code.  MBN and any of the attorneys comprising or employed by it are not and were not creditors, equity security holders, or insiders of the Debtor.

13.      Neither MBN nor any of the attorneys comprising or employed by it has a pre-Petition claim against the Estate. MBN has represented the Receiver in the state court action.

14.      Neither MBN nor any of the attorneys comprising or employed by it has or had any connection with any insider of the Debtor or any insider or an insider of the Debtor, except as set forth above.

15.      The resume of MBN is attached hereto as Exhibit "C" and incorporated herein by this reference as though fully set forth.

16.      Neither MBN nor any of the attorneys comprising or employed by it was an investment banker for any outstanding security of the Debtor.

17.      Neither MBN nor any of the attorneys comprising or employed by it is or was, within three (3) years before the date of the filing of the Petition herein, an investment banker for a security

**APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY
MIRMAN, BUBMAN & NAHMIAS AS SPECIAL COUNSEL**

804176.2

of the Debtor or an attorney for such an investment banker in connection with the offer, sale, or issuance of any security of the Debtor.

18.    Neither MBN nor any of the attorneys comprising or employed by it is or was, within two (2) years before the date of the filing of the Petition herein, a director, officer, or employee of the Debtor or any investment banker of any security of the Debtor.

19.    Neither MBN nor any of the attorneys comprising or employed by it has any interest materially adverse to the interest of the Estate or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor or an investment banker for any security of the Debtor.

20.    The terms and source of the proposed compensation and reimbursement of MBN will be the normal hourly billing rates of MBN as set forth as a part of Exhibit "D" hereto and incorporated herein by this reference, and upon approval by this Court.

21.    In the event there are any oral or written modifications to the terms or conditions of MBN's employment, said modifications will be disclosed to the Court and the United States Trustee by subsequent declaration.

The name, address, and telephone number of the person signing this Declaration on behalf of MBN is: Michael E. Bubman, Esq., Mirman, Bubman & Nahmias, 16133 Ventura Blvd., Suite 1175, Encino, California 91436, telephone number (818) 451-4600, facsimile number (818) 451-4620. I understand that compensation in this case shall be paid only upon application to and approval by this Court and after notice and a hearing pursuant to the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on June ___, 2024 at Encino, California.

Michael E. Bubman

**APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY
MIRMAN, BUBMAN & NAHMIAS AS SPECIAL COUNSEL**

804176.2

# <u>DECLARATION OF CAROLYN A. DYE</u>

I, Carolyn A. Dye, hereby declare as follows:

1.    I have personal knowledge of the following facts and if called upon as a witness to testify thereto, I could and would competently do so.

2.    I am a member of the law Offices of Carolyn A. Dye, and am the duly appointed Chapter 7 Trustee in the Chapter 7 Bankruptcy Case filed by debtor, Keith Winki Bae.

3.    This case was commenced by the filing of a Voluntary Petition by the Debtor under Chapter 7 of the Bankruptcy Code on March 4, 2024 (the "Petition Date") in the United States Bankruptcy Court for the Central District of California, Los Angeles Division, which assigned Case No 2:24-bk-11660-DS. I was appointed as the Chapter 7 Trustee on or about that same date.

4.    Through my review of the Debtor's Petition and Schedules, examination of the Debtor at his initial and continued 341(a) Meeting of Creditors in the instant case, as well as a review of certain documentation furnished by interested parties in this case, I have become aware of the Debtor's history of noncompliance with Court orders, as well as his apparent penchant for hiding assets and withholding information from the Court.

5.    For example, on April 2, 2024, while conducting Debtor's 341(a) examination, I inquired of Debtor as to Debtor having been found guilty of six counts of contempt of court for his noncooperation with the Receiver in *Bobson v. Bae*, in which he was sentenced to fifteen days in jail and a $5,500 fine on March 1, 2024—a mere ***three days*** before the Petition Date. In response, Debtor purported to "not remember" if he had been held in contempt.

6.    The Debtor also testified to the repeated and recurrent withdrawal of money from an account for a company that he purports to own 100% (DTLA South Park Corp) only to deposit those monies into an account purportedly owned by his father (Bae FG Corp) which is not identified on his schedules.

7.    The information provided by the Debtor on his schedules and to which he testified at the 341(a) meeting further contradicted the court records relating to the State Court Action, particularly pertaining to the history of the restaurant Birdies, and the successor restaurant in which

804176.2

1    he claims to have no interest, Duchess. Mr. Bae's testimony raises significant issues which cause

2    great concern of the Trustee as to their veracity and which should be investigated further.

3         8.     I have selected MBN as my special litigation counsel because of its familiarity with

4    the state court proceedings representing the Receiver and its familiarity with the various claims

5    asserted in the underlying partnership dissolution case.

6         9.     I am satisfied that MBN is well qualified to represent the estate as set forth in the

7         foregoing application.

8    I declare under penalty of perjury under the laws of the United States that the foregoing is true and

9    correct. Executed on June 5th, 2024 at Van Nuys, California.

10

11               _____

12                  Carolyn A. Dye

**EXHIBIT A**

<table>
<tr><td>Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address</td><td>FOR COURT USE ONLY</td></tr>
</table>

Attorney for:

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -** _____ **DIVISION**

In re:

CASE NO.:

CHAPTER:

**STATEMENT OF DISINTERESTEDNESS**
**FOR EMPLOYMENT OF PROFESSIONAL**
**PERSON UNDER FRBP 2014**

**(File with Application for Employment)**

Debtor(s).

[No Hearing Required]

1.  Name, address and telephone number of the professional (Professional) submitting this Statement:

2.  The services to be rendered by the Professional in this case are *(specify)*:

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

3. The terms and source of the proposed compensation and reimbursement of the Professional are *(specify)*:

4. The nature and terms of retainer (i.e., nonrefundable versus an advance against fees) held by the Professional are *(specify)*:

5. The investigation of disinterestedness made by the Professional prior to submitting this Statement consisted of *(specify)*:

6. The following is a complete description of all of the Professional's connections with the Debtor, principals of the Debtor, insiders, the Debtor's creditors, any other party or parties in interest, and their respective attorneys and accountants, or any person employed in the office of the United States trustee *(specify, attaching extra pages as necessary)*:

7. The Professional is not a creditor, an equity security holder or an insider of the Debtor, except as follows *(specify, attaching extra pages as necessary)*:

8. The Professional is not and was not an investment banker for any outstanding security of the Debtor.

9. The Professional has not been within 3 years before the date of the filing of the petition herein, an investment banker for a security of the Debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtor.

10. The Professional is not and was not, within 2 years before the date of the filing of the petition herein, a director, officer or employee of the Debtor or of any investment banker for any security of the Debtor.

11. The Professional neither holds nor represents any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker for any security of the Debtor, or for any other reason, except as follows *(specify, attaching extra pages as necessary)*:

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                   Page 2                          **F 2014-1.STMT.DISINTEREST.PROF**

12. Name, address and telephone number of the person signing this Statement on behalf of the Professional and the relationship of such person to the Professional *(specify)*:

13. The Professional is not a relative or employee of the United States trustee or a bankruptcy judge, except as follows *(specify, attaching extra pages as necessary)*:

14. Total number of attached pages of supporting documentation: _____

15. After conducting or supervising the investigation described in paragraph 5 above, I declare under penalty of perjury under the laws of the United States, that the foregoing is true and correct except that I declare that Paragraphs 6 through 11 are stated on information and belief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| _____ | _____ | _____ |
| *Date* | *Printed Name* | *Signature* |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                      Page 3                        **F 2014-1.STMT.DISINTEREST.PROF**

**EXHIBIT B**

CAROLYN A. DYE (SBN 97527)
3435 Wilshire Blvd.
Suite 990
Los Angeles, CA 90010
Telephone: 213/368-5000
Facsimile: 213/368-5009
Email: trustee@cadye.com

Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re | ) Case No. 2:24-bk-11660-DS |
| | )          [Chapter 7] |
| KEITH WONKI BAE, | ) |
| | ) NOTICE OF TRUSTEE'S APPLICATION |
| Debtor. | ) TO EMPLOY SPECIAL LITIGATION |
| | ) COUNSEL |
| | ) |
| | ) [No Hearing Unless Requested; |
| _____ | ) Local Bankruptcy Rule 2014-1] |

TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY

JUDGE, THE UNITED STATES TRUSTEE, DEBTOR, ALL CREDITORS AND OTHER

INTERESTED PARTIES:

    PLEASE TAKE NOTICE that Carolyn A. Dye, the duly appointed,

qualified and acting Chapter 7 Trustee ("Trustee") of the above-

captioned estate, has filed an Application to Employ Special

Litigation Counsel.

    Trustee has obtained evidence that the Debtor omitted

material information from his bankruptcy. Debtor has a State

Court litigation entitled *Bobson v. Bae*, Los Angeles Superior

Court Case No. BC650612 (the "State Court Action"), was filed in

or about February 2017. The State Court Action was filed by the Debtor's and his then business partner, Jason Bobson, pertaining to the dissolution of their partnership over the operations of the restaurant known as Birdies. After the trial of the matter in November 2021, and as a part of the dissolution, the parties were ordered by the court to provide information pertaining to the operations and finances of Birdies. Notwithstanding numerous court orders instructing the parties to provide information to a mutually acceptable accountant, Debtor Bae refused to cooperate in the court-ordered process. After several unsuccessful attempts at obtaining the Debtor's cooperation, on August 17, 2022, the Los Angeles Superior Court judge appointed Receiver Stephen J. Donell to take control of the assets of the JK Partnership. As a part of the Appointing Order, the Receiver was ordered to take possession of, manage and collect all proceeds from the operation of the restaurant named "Birdies," located at 314 W. Olympic Blvd. Los Angeles, CA 91401.

Trustee has selected Michael E. Bubmam, of the firm Mirman, Bubman & Nahmias because he has experience in the state court litigation to pursue claims in the bankruptcy case against Debtor relating to these actions including without limitation fradulent transfer claims.

Bubman will advance out-of-pocket costs required to prosecute the investigation and any subject litigation. Trustee proposes that Woo will be employed pursuant to U.S.C. § 327(a) and compensated pursuant to 11 U.S.C. § 330 on a contingency fee basis, after reimbursement of costs, and a contingency fee of the greater of 30% of the recovery, or, if attorneys fees are

1  awarded, 40% of the recovery including the attorneys fees

2  awarded. After payment of the attorney's fees and cost

3  reimbursement, the balance of any recovery will be paid to the

4  estate.

5       You may request a complete copy of the Application from the

6  Trustee at the address in the upper left hand corner of the first

7  page of this Notice.  A complete copy of the Application is also

8  on file with the Clerk of the Court and may be viewed at the

9  United States Bankruptcy Court, 255 East Temple Street, Room 100,

10 Los Angeles, California 90012.

11      PLEASE TAKE FURTHER NOTICE that Local Bankruptcy Rule

12 ("LBR") 2014-1(b)(3)(E) requires that anyone wishing to respond

13 or object to the Application must, not later than fourteen (14)

14 days from the date of service of this Notice, plus an additional

15 three (3) days unless the notice of the application was served by

16 personal delivery or posting as described in F.R.Civ.P

17 5(b)(2)(A)-(B), file with the United States Bankruptcy Court (255

18 East Temple Street, Room 100, Los Angeles, CA 90012) and serve

19 upon: (i) Trustee at the address in the upper left hand corner of

20 the first page of this Notice; (ii) Mirman, Bubman & Nahmias,

21 Attn: Michael E. Bubman, 16133 Ventura Blvd., Suite 1175, Encino,

22 CA, 91436; and (iii) the Office of the United States Trustee,

23 Attn: Kelly Morrison, Esq., 915 Wilshire Blvd., Suite 1850, Los

24 Angeles, CA 90017, a request for a hearing and a written response

25 in the form required by LBR 9013-1(f)(1).  A hearing will then be

26 set and noticed.

27 ///

28 ///

1     PLEASE TAKE FURTHER NOTICE that pursuant to LBR 9013-1(h)

2 any objection not timely filed and served may be deemed by the

3 Court to be consent to the relief requested and may result in the

4 Court's issuance of an order without further notice or hearing.

5

6 Dated: June 25, 2024        _____

                           Carolyn A. Dye, Chapter 7 Trustee

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 Service Date: June 26, 2024

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is 15030 Ventura Boulevard, Suite 527, Sherman Oaks, CA 91403.

A true and correct copy of the foregoing document entitled Notice of Application by Chapter 7 Trustee to Employ Mirman, Bubman & Nahmias as Special Counsel will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1.**    **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On June 26, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| Eric Bensamochan | eric@eblawfirm.us, G63723@notify.cincompass.com |
| Michael E Bubman | mbubman@mbn.law, aacosta@mbnlawyers.com |
| Carolyn A Dye (TR) | trustee@cadye.com, c197@ecfcbis.com;atty@cadye.com |
| Gregory S Kim | gkim@gregorykimlaw.com, gkimlaw@yahoo.com |
| Noreen A Madoyan | Noreen.Madoyan@usdoj.gov |
| United States Trustee (LA) | ustpregion16.la.ecf@usdoj.gov |

☐    Service information continued on attached page

**2.**    **SERVED BY UNITED STATES MAIL:**  On June 26, 2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

■    Service information continued on attached page

**3.**    **SERVED BY PERSONAL DELIVERY - N/A:**  Pursuant to Fed.R.Civ.P. 5 and/or controlling LBR, on _____, 2024, I arranged for service on the following person as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 26,2024                    /s/ *Karissa De La Trinidad*
                                        Karissa De La Trinidad

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                    **F 9013-3.1. PROOF OF SERVICE**

Label Matrix for local noticing
0973-2
Case 2:24-bk-11660-DS
Central District of California
Los Angeles
Wed Jun 26 10:52:41 PDT 2024

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

California Department of
Tax and Fee Administration
Riverside Office
PO BOIX 942879
Sacramento, CA 9429-0001

Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130-0285

(p)JPMORGAN CHASE BANK  N A
BANKRUPTCY MAIL INTAKE TEAM
700 KANSAS LANE FLOOR 01
MONROE LA 71203-4774

(p)DESIGNED RECEIVABLE SOLUTIONS  INC
10833 VALLEY VIEW ST
415
CYPRESS CA 90630-5046

Eric Bensamochan, Esq. SBN
The Bensamochan Law Firm, Inc
9025 Wilshire Blvd, Suite 215
Beverly Hills, CA 90211-1825

Fed Receiver, Inc
c/o Stephen J. Donell, Receiver
12121 Wilshire Blvd, Ste 1120
Los Angeles, Ca 90025-1164

Franchise Tax Board
PO BOX 419001
Rancho Cordova, CA 95741-9001

Gregory6 S Kim
Law Office of Gregory S Kim
3435 WIlshire Blvd., Suite 1985
Los Angeles, CA 90010-1914

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

James Bae
327 S. Hoover St, Unit 316
Los Angeles, Ca 90020-1112

Jason Harley Bobson
13600 Sylvan St.,
Van Nuys, CA 91401-2422

Joshuea Kluewer
Kluewe Law P.C.
811 Wilshire Blvd. SUite 1751
Los Angeles, CA 90017-2606

Keith Wonki Bae
419 N Larchmont Blvd. 298
Los Angeles, CA 90004-3013

Ki Yeon Cho
dba Mustard Seed Cafe
Kenneth T. Haan, Esq
Kenneth T. Haan & Associates, APLC
3699 Wilshire Blvd, Suite 860
Los Angeles, CA 90010-2727

Kramar Madnick, LLP
H Mark Madnick, Esq
Kramar Madnick, LLP
16133 Ventura Blvd, Suite 805
Encino, CA 91436-2409

Mary Sutherland and
Andrew Alvis
Kluewer Law P.C.
811 Wilshinre Blvd. Suite 1571
Los Angeles, CA 90017-2606

Mersedeh Nasseri
Neil C Newson & Associates
9100 Wilshire Blvd. Suite 220 West
Beverly Hills, CA 90212-3498

Michael E. Budman, Esq.
c/o Jason Harley Bobson
16133 Ventura Blvd. Suite 1175
Encino, CA 91436-2416

Midland Credit Mgmt
Attn: Bankruptcy
Po Box 939069
San Diego, CA 92193-9069

Neil C Newson, Esq.
Neil Newson & Associates
9100 Wilshi8re Blvd, Suite 220 West
Beverly Hills, CA 90212

Sooyeon Jim
Law Office of Gregory S Kim
3435 Wilshire Blvd, Suite 1985
Los Angeles, CA 90010-1914

Stephen J. Donell
Mirman, Bubman, & Nahmias
16133 Ventura Blvd., Suite 1175
Encino, CA 91436-2416

Superior Court of California
County of Los Angeles
Chatsworth Courthouse
9425 Penfield Avenue
Chatsworth, CA 91311-6516

(p)LOS ANGELES SUPERIOR COURT
111 N HILL STREET
LOS ANGELES CA 90012-3115

United States Trustee
Los Angeles Division
915 Wilshire Blvd., #1850
Los Angeles, CA 90017-3560

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Carolyn A Dye (TR)
Law Offices of Carolyn Dye
15030 Ventura Blvd., Suite 527
Sherman Oaks, CA 91403-5470

Eric Bensamochan
The Bensamochan Law Firm, Inc.
9025 Wilshire Blvd. Suite 215
Beverly Hills, CA 90211-1825

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Chase Card Services                 DRSI                                Internal Revenue Service
Attn: Bankruptcy                    Attn: Bankruptcy                    Ogden, UT 84201-0025
P.O. 15298                          10833 Valley View Street #415
Wilmington, DE 19850                Cypress, CA 90630


Superior Court of California
County of Los Angeles
Los Angeles Courthouse
111 North Hill Street
Los Angeles, CA 90012


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Interested Party                 (d)Keith Wonki Bae                  End of Label Matrix
                                    419 N Larchmont Blvd 298            Mailable recipients    29
                                    Los Angeles, CA 90004-3013          Bypassed recipients     2
                                                                        Total                  31

**EXHIBIT C**

# MIRMAN, BUBMAN & NAHMIAS, L.L.P.

16133 VENTURA BOULEVARD, SUITE 1175
ENCINO, CALIFORNIA 91436
TELEPHONE (818) 451-4600  ●  Facsimile (818) 451-4620

The firm specializes in the practice of Insolvency Law and Creditors' Rights, with a particular focus on secured transactions, and enforcement of lender rights through provisional remedies, and representation in insolvency situations.

Our clients include international and national financial institutions, independent community banks, small business owners, entrepreneurs and investors, real estate developers and owners, retailers, manufacturers, physicians, long term care facilities and the vendors who service them. Regardless of the client's size, our objective always remains the same: to provide incisive, reliable and strategic legal counsel every step of the way. When appropriate, MB&N uses Alternative Dispute Resolution as a means to early resolution of matters.

# Insolvency

The Firm provides representation to all interests in a Chapter 11 case, as well as assisting debtors, trustees, secured creditors and unsecured creditors with all facets of the case including complex and unique Chapter 7 liquidation problems.  The Firm also prosecutes numerous types of claims through litigation in the Bankruptcy Court, including preference and fraudulent transfers for Chapter 11 and Chapter 7 Trustees, as well as Official Committees of Unsecured Creditors, both pre and post confirmation.  The Firm has represented clients in the defense against these actions for parties who have been sued, both inside and outside the Bankruptcy Court.

In addition to bankruptcies, we assist clients with assignments for the benefit of creditors ("ABCs") and out-of-court workouts. We represent assignors, assignees, secured lenders and purchasers of assets through these alternative processes to bankruptcy. The Firm representation includes creditor committees, individual unsecured creditors, and classes of creditors asserting similar claims, as well as secured lenders seeking to acquire possession of their collateral.

# Creditor's Rights

The Firm's representation includes financial institutions, lenders and businesses in securing and perfecting rights in collateral, negotiating resolution of inter-creditor disputes, and seeking recovery on loans, leases, or other obligations. The Firm specializes in pre and post-judgment remedies, including receiverships, writs and other remedies. Alan Mirman is a founding Board member of the California Receivers Forum. He frequently lectures on receiverships and related remedies, and he often applies his experience to creditors' rights cases we handle for clients. Michael Bubman has been called upon to provide guidance to health care regulators on receivership issues and regularly represents receivers in health care settings, including long-term care facilities, senior housing arrangements and a variety of other health delivery systems.

# Loan Documentation

We represent developers, businesses and individuals, regardless of their primary industry focus, in real estate litigation and transactions. Our clients with real estate holdings frequently need advice as to documentation and strategic considerations necessary to complete a real estate transaction. In some instances, our clients will need to establish their rights with respect to real estate interests held jointly with others. Yet other circumstances will require taking the steps necessary to untangle complex relationships in real estate holdings and reach conclusions appropriate to the situation. In each of those instances, we call upon the appropriate attorneys of the firm to meet any client objective, whether documenting a loan transaction, opening or completing an escrow, obtaining a *lis pendens* to protect an interest, or representation relating to insolvency proceedings.

## FIRM ATTORNEYS:

**MICHAEL E. BUBMAN:**
- **Admissions**: Admitted to bar 1989, California and U.S. District Courts Central, Northern, Eastern and Southern Districts of California.
- **Education**: A 1988 graduate of Loyola Law School, he was a member of the member of the National Moot Court team; He conducted his undergraduate studies at the University of California, Berkeley, and the University of California, Los Angeles.
- **Memberships:** A member of the Financial Lawyers Conference; California Bar Association; Los Angeles Bar Association; California Receiver's Forum; American Health Lawyers Association.
- **Recognition**: *Super Lawyers* (2017 - 2024).
- **Practice Areas**: State and Federal court business and real property litigation in trial and appellate courts. Representation of creditors in bankruptcy matters including preference actions, fraudulent conveyance litigation and other insolvency-related litigation in Chapter 7 and Chapter 11 cases of commercial debtors, creditors, trustees, and committees. Representation of creditors, debtors and receivers in state and federal court commercial litigation and real property litigation, including dispute resolution, provisional remedies (including attachment, claim and delivery, injunctive relief and receiverships) and post judgment remedies.

**ALAN I. NAHMIAS:**
- **Admissions**: Admitted to bar December, 1986; California and U.S. District Courts, Central, Northern, Southern and Eastern Districts of California.
- **Education**: University of Southern California (B.A. cum laude 1983); Loyola Law School (J.D. 1986).
- **Memberships**: Los Angeles County, American, Beverly Hills and San Fernando Valley Bar Associations; State Bar of California; Financial Lawyers Conference; California Bankruptcy Forum; Board of Directors California Bankruptcy Forum (2008-2009) Commercial Law League of America; American Bankruptcy Institute. Federal Bankruptcy

Mediator. Lecturer - Commercial Law League of America. Member - Executive Council of Bankruptcy Section, Commercial Law League of America Bankruptcy and Insolvency Section (1996-2005).   Chairman, Bankruptcy Section of Commercial Law League of America (2004-2005). Member Commercial Law League Board of Governors (2005-2006 and 2008-2009). Recording Secretary of Commercial Law League of America (2007-2008).

- **Recognition**: *Super Lawyers* (2007 - 2024).
- **Practice Areas**:  Bankruptcy and insolvency, creditors' rights, receiverships and commercial litigation.


## ALAN M. MIRMAN:

- **Admissions**:  Admitted to bar December 8, 1975; California and U.S. District Courts, Central, Northern, Southern and Eastern Districts of California.
- **Education:**  A 1975 graduate of the UCLA School of Law, where he was the Chief Justice of the Moot Court Honors Program.
- **Memberships**:  He is or has been a member of:  Financial Lawyers Conference (1978-present); Debtor/Creditor and Bankruptcy Committee of the Business Law Section of the State Bar, with emphasis on analyzing and proposing changes in the law concerning pre-judgment remedies, mixed collateral, the one action rule, and fraudulent conveyances, (1983-1986,1987-1990); Executive Committee of the Los Angeles County Bar Association Provisional and Post Judgment Remedies Section (1987-2002); Chair of Executive Committee, (1992-1993); Editor of Section Newsletter (1987-1996); California Bankruptcy Forum (1992-present); Ad Hoc Committee on Receiverships, appointed by Presiding Judge of Los Angeles Superior Court.  This Committee revised local rules relating to Receiverships, and consulted with the Court pertaining to procedures applicable to Receiverships (1993-1995); Board of Directors, California Receivers Forum, (1995-present): Chair of Los Angeles/Orange County Chapter, (2003-2004); Commercial Law Committee of the Los Angeles County Bar Association Commercial Law and Bankruptcy Section (2003-present).
- **Publications**:  He has served as the Co-editor and contributor to the Matthew Bender California Practice Guide, <u>Provisional Remedies</u>, with emphasis on Writs of Attachment.
- **Recognition**: *Super Lawyers* (2007 - 2023).
- **Practice Areas**:   State and Federal court business and real property litigation in trial and appellate courts.  Bankruptcy and insolvency law including representation in Chapter 7 and Chapter 11 cases of commercial debtors, creditors, trustees, and committees. Representation of creditors, debtors and receivers in state and federal court commercial litigation and real property litigation with primary emphasis on dispute resolution, provisional remedies (including attachment, claim and deliver, injunctive relief and receiverships) and post judgment remedies. Representation of lenders in negotiating and documenting loan transactions.


## XOCHITL CORTEZ:

- **Admissions**: California Bar- 2013-present; Business Law Section, California Bar-2013-present

- **Education**:  **Pepperdine School of Law**, Malibu, California, August 2010 to May 2013
  Juris Doctor, 2013
  **Geoffrey H. Palmer Center for Entrepreneurship and the Law**
  Malibu, California, August 2010 to May 2013
  Certificate, 2013
  **University of Southern California**, Los Angeles, California, August 2007 to May 2010
  Business Administration, Bachelor of Science
  **Lloyd Greif Center for Entrepreneurial Studies**, Los Angeles, California, August 2007 to May 2010, Concentration in Entrepreneurship, 2010
- **Other Experience**:  Business Turnaround - In 2010, Ms. Cortez conducted a turnaround on her family's business. The turnaround resulted in 68% revenue increase in 1 year and an article in the Los Angeles Business Journal
- **Recognition**:  *Super Lawyers*, Rising Stars (2017-2024)
- **Practice Areas**:  Business & Commercial Transactions -- Representation of business entities and individuals in transactional matters, including entity formation, fundraising documentation (business plans, pitch decks, and pro-forma financials), investor relations, business strategy, real estate leasing, master services agreements, website terms of use and privacy policies, and licensing agreements; Estate Planning Transaction -- Representation of individuals and families in all aspects of estate planning, including wills, revocable and irrevocable trusts, irrevocable life insurance trusts, intentionally defective grantor trusts, powers of attorney, advance health care directives, and family limited liability companies.


## MORGAN L. BUBMAN:

- **Admissions**: California Bar- 2022-present;
  Litigation Section, California Bar-2022-present
- **Education**:  **Loyola School of Law**, Los Angeles, California, August 2019 to May 2022
  Juris Doctor, 2022
  - *Teaching Assistant – Legal Writing;*
  - *Research Assistant – Legal Writing;*
  **University of California, Santa Barbara**, Santa Barbara, California, August 2014 to May 2018, Bachelor of Arts in Feminist Studies, 2018 – *Graduated with Honors*
- **Practice Areas**:  State and Federal court business and real property litigation in trial and appellate courts.  Representation of creditors in bankruptcy matters including preference actions, fraudulent conveyance litigation and other insolvency-related litigation in Chapter 7 and Chapter 11 cases of commercial debtors, creditors, trustees, and committees. Representation of creditors, debtors and receivers in state and federal court commercial litigation and real property litigation, including dispute resolution, provisional remedies (including attachment, claim and delivery, injunctive relief and receiverships) and post judgment remedies.
- **Awards/Honors:**
  - Loyola Law Review, Note and Comment Editor - 2021-2022
  - First Honors:
    - *Women and the Law;*
    - *Trusts and Wills*

# FIRM SPECIALIST:

**SARAH R. BATES:**
- **Forensic Analyst and Receivership Specialist**
- **Education**:  University of Massachusetts at Amherst
  *Bachelors Associate in Business Administration*
  **Licenses**:
  Licensed Real Estate Salesperson – State of California – License No. 01760824
- **Practical Experience**:  Ms. Bates has been appointed as receiver in the Superior Court of California, County of Los Angeles, and she has assisted with the administration of hundreds of real estate and business related receivership cases in California, Arizona, and Nevada.   She has extensive experience involving asset and business liquidations, residential, retail and commercial real estate.   In addition, Ms. Bates has administered receivership cases involving post judgment enforcement actions, single family and condominium construction completion/entitlements, and other types of receivership appointments. Since 2005, Ms. Bates has also been actively involved in the administration of federal court receiverships in United States Securities and Exchange Commission and other government enforcement actions involving business fraud.   These cases have involved over 25,000 investors and invested funds totaling more than $750 million.   In 2009, Ms. Bates designed and implemented a database system which she has used to administer investor/creditor claims in numerous government enforcement actions. Additional experience includes review and analysis of complex forensic accounting data, application of forensic data to claims review, and actions involving clawback litigation.
- **Affiliations:**
  - Apartment Association of Greater Inland Empire
  - Arizona Multi-Family Housing Association
  - Beverly Hills Greater Los Angeles Association of Realtors
  - Building Owners and Managers Association
  - California Apartment Association
  - California Receivers Forum (CRF)
  - CCIM Institute – Greater Los Angeles Chapter
  - International Association of Restructuring, Insolvency & Bankruptcy Professionals
  - Institute of Real Estate Management (IREM®)
  - Los Angeles Apartment Owners Association
  - National Association of Realtors®
  - National Apartment Association (NAA)
  - National Association of Federal Equity Receivers (NAFER)

**EXHIBIT D**

# MIRMAN, BUBMAN & NAHMIAS, L.L.P.

### Schedule of Hourly Rates 2024

| | | |
|---|---|---|
| Michael E. Bubman | $650.00 | Member |
| Alan I. Nahmias | $650.00 | Member |
| Alan M. Mirman | $650.00 | Member |
| Xochitl Cortez | $650.00 | Member |
| Morgan Bubman | $375.00 | Associate |
| Sara Bates | $365.00 | Forensic Analyst |
| Paralegals | $175.00 | |
| Accounting | $50.00 - $100.00 | |

### Expense Rate Schedule

| | |
|---|---|
| Photocopying | $ .20 / page |
| Mileage | $ .655 / mile |
| Facsimile | $ .25 / page |
| Messenger | as incurred |
| Overnight mail | as incurred |
| Postage | as incurred |
| Parking | as incurred |
| Online Research | as incurred |

806353.1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is 15030 Ventura Boulevard, Suite 527, Sherman Oaks, CA 91403.

A true and correct copy of the foregoing document entitled Application by Chapter 7 Trustee to Employ Mirman, Bubman & Nahmias as Special Counsel; Declaration of Michael E. Bubman in Support Thereof will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1.** **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On June 26, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Eric Bensamochan                  eric@eblawfirm.us, G63723@notify.cincompass.com
Michael E Bubman                  mbubman@mbn.law, aacosta@mbnlawyers.com
Carolyn A Dye (TR)                trustee@cadye.com, c197@ecfcbis.com;atty@cadye.com
Gregory S Kim                     gkim@gregorykimlaw.com, gkimlaw@yahoo.com
Noreen A Madoyan                  Noreen.Madoyan@usdoj.gov
United States Trustee (LA)        ustpregion16.la.ecf@usdoj.gov

☐     Service information continued on attached page

**2.** **SERVED BY UNITED STATES MAIL:**  On June 26, 2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Keith Wonki Bae
419 N Larchmont Blvd 298
Los Angeles, CA 90004

☐     Service information continued on attached page

**3.** **SERVED BY PERSONAL DELIVERY - N/A:**  Pursuant to Fed.R.Civ.P. 5 and/or controlling LBR, on _____, 2024, I arranged for service on the following person as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐     Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated: June 26,2024                          /s/ *Karissa De La Trinidad*
                                             Karissa De La Trinidad

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                      **F 9013-3.1. PROOF OF SERVICE**